

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00034-CR

_____

CLIFFORD CLARK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 17F1212-102

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Clifford Clark was convicted after a bench trial of arson of a habitation and sentenced to thirty years' imprisonment. *See* TEX. PENAL CODE ANN. § 28.02(d)(2). The trial court ordered the sentence to run concurrently with two other arson convictions Clark appeals in companion cause numbers 06-19-00033-CR and 06-19-00051-CR, and consecutively with two convictions for harassment while in a correctional or detention facility, which Clark appeals in companion cause number 06-19-00023-CR. *See* TEX. PENAL CODE ANN. § 22.11(a). The trial court also ordered Clark to pay $234.00 in court costs for all five convictions even though the cases were consolidated for trial.

Clark's brief raises an issue common to his appeals in this case and in cause numbers 06-19-00033-CR and 06-19-00051-CR. Specifically, Clark argues that the trial court erred in admitting the hearsay testimony of a deputy fire marshall. For reasons stated in our opinion in cause number 06-19-00033-CR, we find that Clark was unharmed by error, if any, in the admission of the testimony. Clark has also filed a brief raising issues common to all his appeals. He argues that (1) the record does not contain sufficient evidence showing his competence to stand trial was evaluated by a qualified psychologist, (2) the trial court erred in finding him competent to stand trial, (3) his counsel rendered ineffective assistance in failing to request an evaluation of his sanity at the time of the offense, (4) his oral waiver of a jury trial was invalid and unintelligently made on the trial court's representation that all sentences would run concurrently, (5) each judgment mistakenly references the existence of a plea bargain, and (6) the trial court erred in assessing duplicative court costs for each conviction.

2

We addressed these issues in detail in our opinion of this date on Clark's appeal in cause number 06-19-00023-CR. For the reasons stated there, we likewise conclude that Clark's first complaint is meritless and unpreserved, the trial court did not abuse its discretion in finding Clark competent to stand trial, and Clark failed to meet his burden to show counsel rendered ineffective assistance. We also find Clark's jury trial waiver valid because he was not harmed by the lack of a written waiver and the record fails to show Clark's waiver was based on misinformation that his sentences would not be stacked.

While we agree that court costs should not have been assessed in each case since they were consolidated for trial, the amount of the cost "is determined according to the category of offense" and "must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b). Clark's conviction for arson of a habitation in this case held the highest category of offense as compared to his remaining convictions. As a result, the assessment of court costs was proper in this case.

That said, we sustain Clark's last point of error and modify the judgment by deleting the phrase "Terms of Plea Bargain." As modified, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     November 13, 2019
Date Decided:       January 6, 2020

Do Not Publish

3